**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HUGO EDGARDO TORRES AQUINO, | No. ED CV 26-3687-E |
| Petitioner, | |
| v. | ORDER FOR ENTRY OF JUDGMENT |
| WARDEN OF ADELANTO ICE PROCESSING CENTER, ET AL., | |
| Respondents. | |

**FACTUAL BACKGROUND AND PROCEEDINGS**

Petitioner, a native of Honduras, is subject to a final order of removal. On April 27, 2026, the United States District Court for the Eastern District of California ordered Petitioner's release from immigration custody and enjoined Respondents from re-detaining Petitioner absent certain circumstances. However, that Court also stated, "This Order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal."

On June 30, 2026, Immigration and Customs Enforcement ("ICE") revoked Petitioner's release and detained him within the Central District of California to execute the final order of

removal.  On July 2, 2026, Petitioner filed in this Court a "Petition for Writ of Habeas Corpus" ("the Petition").  Before Respondents received notice of the Petition, and before Respondents could be heard in regard thereto, ICE had transferred Petitioner to the Western District of Texas to effectuate the final order of removal.

On July 6, 2026, Petitioner filed "Petitioner's Emergency Status Report and Request for Return to this Court's Jurisdiction."  Therein, Petitioner requested, inter alia, that the Court enjoin Respondents from removing Petitioner or that the Court order Respondents to return Petitioner to the Central District of California.  Also on July 6, 2026, Petitioner sought relief in the Eastern District of California.  It is unclear on the present record whether Petitioner has sought relief in the Western District of Texas.

On July 13, 2026, Respondents filed "Respondents' Notice of Lack of Jurisdiction; Request for Dismissal Without Prejudice."  On July 14, 2026, Petitioner filed opposition.  On July 14, 2026, the United States District Court for the Eastern District of California denied Petitioner's request for relief, finding that Petitioner's re-detention did not violate that Court's prior order.

The present Petition must be denied and dismissed without prejudice.  Petitioner became detained within the Western District of Texas before Respondents received notice and an opportunity to be heard regarding the present Petition.  This Court lacks jurisdiction. See Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004); see also 28 U.S.C. § 2241(a) ("Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions").

Moreover, to the extent Petitioner seeks relief in the form of order(s) restraining or delaying the execution of the removal order, this Court is without jurisdiction to grant such relief.  Section 1252(g) of Title 8 U.S.C. provides that "no court shall have jurisdiction to hear

any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter."  The Ninth Circuit has held that section 1252(g) bars district court habeas review of claims seeking to stay removal proceedings.  See Rauda v. Jennings, 55 F.4th 773, 776-77 (9th Cir. 2022).  Furthermore, exclusive jurisdiction to review the outcome of removal proceedings is vested in courts of appeal, not in district courts.  See 8 U.S.C. § 1252(b)(9).

Finally, "Respondents' Notice, etc.," filed July 13, 2026, indicates that Petitioner "was booked out in El Paso, Texas for removal this morning of July 13, 2026."  Thus, it appears that Petitioner already may have been removed from the United States.  If so, the Petition would be entirely moot.  See Machuca-Tellez v. Holder, 388 Fed. App'x 609, 610 (9th Cir. 2010) (section 2241 petition mooted by petitioner's  removal from the United States); Carpio v. Dep't of Homeland Sec., 2020 WL 7418966, at *1 (C.D. Cal. Mar. 13, 2020) (same).

For the reasons discussed herein, the Petition is denied and dismissed without prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: July 15, 2026.

_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

3